**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Cheryl Dianne White,

    Plaintiff,

vs.

Michael J. Astrue, Commissioner of Social Security,

    Defendant.

No. CV 10-032-TUC-FRZ (CRP)

**REPORT AND RECOMMENDATION**

Cheryl White is 67 years old. She has a long work history, including owning and operating a Mexican restaurant for nearly twenty years. She last worked as a floral manager at a grocery store.

Ms. White suffers from serious foot problems. She began receiving treatment in the fall of 2006 for pain in the right Achilles tendon and ankle and swelling in the heel. She had foot surgery on December 27, 2006. Further surgery has been recommended, but Ms. White is without health insurance and cannot afford surgery or physical therapy.

Ms. White filed a claim for disability insurance benefits in July 2007, alleging to be disabled as of the date of her surgery. Doc. 13, Tr. 97-101. The claim was denied initially and on reconsideration. Tr. 58-59, 64-67, 71-73. A hearing before an administrative law judge ("ALJ") was held on March 12, 2009. Tr. 24-57. The ALJ issued a decision on June 3, 2009, finding Ms. White not to be disabled within the meaning of the Social Security Act. Tr. 11-18. This decision became the

Commissioner's final decision when the Appeals Council denied review. Tr. 1-3.

Ms. White then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The issues have been briefed. Docs. 18, 19, 22. Oral argument has not been requested. For reasons stated below, the Magistrate Judge recommends that the District Court, after its independent review, reverse Defendant's decision and remand the case for an award of benefits.

## I.     Standard of Review.

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision denying benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "This is a highly deferential standard of review: 'Substantial evidence' means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether the decision is supported by substantial evidence, however, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Ryan*, 528 F.3d at 1198 (citation omitted).

## II.    Discussion.

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show she has not worked since the alleged disability onset date, she has a severe impairment, and her impairment meets or equals a listed impairment or her residual functional capacity ("RFC") precludes her from performing past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. § 404.1520; *Valentine*, 574 F.3d at 689.

Plaintiff has not worked since the alleged onset date. Tr. 13, ¶ 2. She has severe right foot impairments: Achilles tendonitis, Haglund's deformity (a bony enlargement on the back of the heel), and ankle equinus (a structural abnormality of the ankle joint

limiting flexibility). Tr. 13-14, ¶ 3. Those impairments do not meet or equal a listed impairment. Tr. 14-15, ¶ 4. Plaintiff is not disabled, the ALJ found, because she has the RFC to perform the full range of sedentary work, including past work as a receptionist/telephone operator. Tr. 15-17, ¶¶ 5-6.

Plaintiff asserts multiple errors in connection with the evaluation of medical evidence, her symptom testimony, and vocational factors. Doc. 18. Defendant contends that the decision denying benefits is free of legal error and supported by substantial evidence. Doc. 19. As explained more fully below, the Magistrate Judge concludes that the ALJ and the Appeals Council erred by failing to evaluate the opinions of a treating physician and the ALJ erred by discrediting the testimony of Plaintiff. Those errors require reversal of Defendant's decision and, based on vocational expert testimony, a remand for an award of benefits.

### A. Treating Physician Ario Kiarash, M.D.

Dr. Ario Kiarash is a physician with Southwest Orthopaedic Surgery Specialists. Plaintiff visited Dr. Kiarash in September 2007 to obtain a second opinion concerning chronic pain and numbness following her foot surgery, which consisted of a partial excision of the calcaneus (heel bone), an Achilles tendon repair, and a gastrocnemius (calf muscle) recession. Tr. 290, 338. Dr. Kiarash ordered x-rays and provided Plaintiff with an adjustable heel lift and a CAM walker boot. Tr. 339. The x-rays showed post-operative changes at the recession site, and Plaintiff was "most tender to palpation" at that site and the Achilles tendon attachment site. Tr. 342.

Two months later, an MRI of the right ankle and calf showed Achilles tendinosis with cystic degeneration and a proximal tear of the gastroc tendon. Tr. 343, 346-47. Dr. Kiarash found two "major problems" in Plaintiff's ankle and calf: "incomplete gastroc recession" and "tendinosis of the Achilles tendon distally." He recommended another surgery, opining that Plaintiff "is best treated by revision gastroc recession, and repair of chronic tear of Achilles tendon[.]" Tr. 343.

Dr. Kiarash treated Plaintiff again in April 2009, noting that she has "chronic

severe pain in her calf to the heel that is constant and consistent" and a "difficult time with swelling to the point that she needs to keep her foot elevated a lot of the time." Dr. Kiarash further noted that Plaintiff "cannot keep her leg in a dependent position because of swelling and she would have problems in sitting." He ultimately opined that Plaintiff would have "great difficulty in doing any type of sustained activity because of the chronic severe pain and swelling in her leg." Tr. 205.

The medical records concerning Dr. Kiarash's evaluation of Plaintiff in late 2007 were part of the record before the ALJ. Tr. 338-49. In support of her request for review of the ALJ's decision denying benefits (Tr. 6), Plaintiff provided the Appeals Council with the disability opinion Dr. Kiarash gave in May 2009 (Tr. 4, 205). The Court may "consider [that] opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and free of legal error." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

Plaintiff argues that the ALJ and the Appeals Council erred in failing to give due consideration to the opinions of Dr. Kiarash. Doc. 18 at 16-17. She is correct.

The law is clear: the social security adjudicator "must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The regulations explicitly provide that, "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1520(d). Indeed, the "adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996).

The opinions of Dr. Kiarash clearly are material to the question whether Plaintiff is disabled. As Plaintiff's treating physician, Dr. Kiarash is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v.*

*Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity and limiting effects of Plaintiff's impairments may be disregarded *only* for "specific, legitimate reasons" that are themselves based on "substantial evidence in the record." *Ramirez*, 8 F.3d at 1453 (quotation marks and citations omitted).

The Appeals Council gave no reason – "let alone a 'specific, legitimate' reason based on substantial evidence" – for disregarding the opinion of Dr. Kiarash. *Id.* Contrary to Defendant's assertion (Doc. 19 at 14), the Appeals Council made no specific finding that Dr. Kiarash's opinion does not provide a basis for changing the ALJ's decision. The Appeals Council never mentions the opinion of Dr. Kiarash, but instead summarily denies the request for review in a form letter. Tr. 1-4.

The ALJ notes that Dr. Kiarash recommended surgery to complete the gastroc recession and repair the Achilles tendon (Tr. 16), but does not further evaluate these two "major problems" or the effect they have on Plaintiff's ability to work (Tr. 343). Instead, the ALJ adopts the RFC assessment of Dr. John Kurtin, which would permit Plaintiff to perform sedentary work. Tr. 16. Dr. Kurtin did not examine Plaintiff. He provided a "check-the-box" summary of Plaintiff's functional capacity, as well as this brief finding: "Stand and/or walk 4 hours in a workday." Tr. 318-25.

The ALJ adopts that assessment on the ground that "[n]one of the other medical records submitted offer a contrary opinion to that of Dr. Kurtin as to [Plaintiff's] limitations or ability to work." The ALJ asserts that "[t]he only other mention of work related restrictions in the records are from the period of time that [Plaintiff] was recovering from surgery in early 2007." Tr. 16. But Plaintiff never fully recovered from that surgery, and Dr. Kiarash therefore opined in late 2007 that Plaintiff should undergo further surgery to resolve the two "major problems" in her calf and ankle and otherwise relieve the "pain in the posterior calf as well as in the heel." Tr. 343. The ALJ himself recognizes that Plaintiff "initially obtained some relief from the surgery, but a year post surgery was still experiencing the same symptoms." Tr. 16. Nowhere in his decision, however, does the ALJ fairly evaluate the post-surgery opinion of Dr. Kiarash.

The ALJ notes (Tr. 16) that Plaintiff has expressed a desire to do desk work or answer the phone (Tr. 355). The desire to return work is to be lauded. It does not mean that the goal is attainable, nor does it negate the alleged disability. ALJs in general, and the one in this case (Tr. 45-56), rely on vocational expert testimony to determine whether the claimant has the RFC to perform past work or other work that exists in the national economy. *See* 20 C.F.R. §§ 404.1512(g), 404.1560(c). Moreover, Plaintiff made clear that she has been "disabled by her right ankle," that she has "never completely healed postoperatively," and that the "last consultation with [her] orthopedic foot surgeon indicated that she needed to have a new surgery but she could not pay for it because it could potentially cost $13,000." Tr. 355. Plaintiff's mere desire to return to work provides no legitimate basis for disregarding the opinion of Dr. Kiarash.

In short, the ALJ erred in disregarding the opinion of Dr. Kiarash without providing "specific, legitimate reasons" that are based on "substantial evidence in the record." *Ramirez*, 8 F.3d at 1453. This Circuit has made clear that the assessment of a nonexamining physician, such as that of Dr. Kurtin, "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (emphasis in original); *see also Ryan*, 528 F.3d at 1202; 20 C.F.R. § 404.1527(d).

Defendant proffers reasons to support the disregard of Dr. Kiarash's opinion. Defendant first asserts that no other physician has opined that Plaintiff should elevate her leg (Doc. 19 at 14), but does not explain why this renders Dr. Kiarash's opinion – which is based on his own independent clinical findings – unworthy of credence. Defendant further asserts that other evidence conflicts with Dr. Kiarash's opinion that Plaintiff would have difficulty sitting. Doc. 19 at 14. But the Court is constrained to review the reasons the ALJ and the Appeals Council assert – not the *post hoc* contentions of Defendant. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The fact that Dr. Kiarash treated Plaintiff "a total of three times in two years" (Doc. 19 at 14) does not preclude a finding that he is an acceptable treating source. *See*

20 C.F.R. § 404.1502 (defining treating source); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (Section 404.1502's "language suggests that 'a few times' or contact as little as twice a year would suffice"). Moreover, even if Dr. Kiarash did not qualify as a treating source, his opinion still is deserving of due consideration. Opinions from any medical source, even on issues reserved to the Commissioner, "must never be ignored." SSR 96-5p, 1996 WL 374183, at *3.

In summary, the failure on the part of the ALJ and the Appeals Council to properly evaluate the opinions of Dr. Kiarash constitutes legal error. *See Ramirez*, 8 F.3d at 1454 (finding that both the ALJ and the Appeals Council improperly disregarded the opinion of a treating physician); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 & n.10 (9th Cir. 2007) (the ALJ erred where he only briefly mentioned one treating physician's opinion and ignored another opinion that the claimant was disabled); *Robinson v. Barnhart*, 469 F. Supp. 2d 793, 797-98 (D. Ariz. 2006) (the ALJ's decision was in error and not supported by substantial evidence where he ignored aspects of a doctor's opinion). Given the clear requirement that every medical opinion be evaluated, *see* 20 C.F.R. § 404.1527(d), the Magistrate Judge cannot "confidently conclude" that the silent disregard of Dr. Kiarash's opinion is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

### B. Plaintiff's Testimony.

A claimant's subjective complaints, including pain, must be considered when making a disability determination. 20 C.R.F. § 404.1529. "Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citation omitted). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); 20 C.F.R.

§ 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Plaintiff testified that she has pain in her right hip, leg, and foot. Tr. 33. She cannot stand on her right leg very long before needing to sit down. Tr. 35, 155-56. She must "elevate [her] leg a lot," up to seven times a day to relieve swelling and pressure. When not elevated, her leg begins to hurt in about a half hour. She suffers pain, cramping, and a feeling like "electricity" throughout the leg. Tr. 35, 40. Because narcotic pain medication makes her nauseous, Plaintiff takes Ibuprofen. Tr. 33, 43. She lost her health insurance when she was unable to return to work at the grocery store and cannot afford the surgery recommended by Dr. Kiarash. Tr. 41.

The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen*, 80 F.3d at 1281. Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), he determined that Plaintiff's medically determinable impairments reasonably could cause her alleged symptoms. Tr. 15. Given this conclusion, and because he found no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff's testimony not credible. *Smolen*, 80 F.3d at 1281. This standard is "the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

Plaintiff argues that the reasons the ALJ provides for finding her symptom testimony not credible are neither convincing nor supported by substantial evidence. Doc. 18 at 20-25. The Magistrate Judge agrees with respect to the physical impairments.

The ALJ first discusses certain medical evidence that is consistent with the impairments found to be severe. The ALJ states that Plaintiff began to have foot problems and ankle pain about one year before the alleged onset date, that she was diagnosed with right Achilles tendinopathy, Haglund's deformity, and plantar fasciitis, that she underwent surgery in December 2006, and that another surgery is needed because she is "still experiencing the same symptoms." Tr. 16. The ALJ does not explain, and it otherwise is not clear to the Magistrate Judge, how those findings

undermine Plaintiff's symptom testimony. In short, the ALJ's discussion of medical evidence does not constitute a clear and convincing reason for discrediting Plaintiff's testimony concerning the effects of her physical impairments.

The ALJ notes that "[n]one of the other medical records submitted offer a contrary opinion to that of Dr. Kurtin as to [Plaintiff's] limitations[.]" Tr. 16. The ALJ erroneously "imposed a burden on [P]laintiff she did not have under the governing Ninth Circuit law." *Battle v. Astrue*, No. CV 09-2162-DTB, 2010 WL 2569235, at *4 (C.D. Cal. June 21, 2010). Once a claimant has presented medical evidence of an underlying impairment, as Plaintiff has done in this case, "the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence." *Perez v. Astrue*, No. CV 09-4600-MLG, 2010 WL 1051128, at *4 (C.D. Cal. Mar. 18, 2010); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). The ALJ himself recognizes that the credibility determination was necessary *because* Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence[.]" Tr. 15; *see* SSR 96-7p, 1996 WL 374186, at *2.

The ALJ cites Plaintiff's "own description of her functional abilities" as a reason for finding her not credible. This Circuit has made clear that "general findings are an insufficient basis to support an adverse credibility determination." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ "must specifically identify the testimony [he] finds not to be credible and must explain what evidence undermines the testimony." *Id.*; *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ has not met his burden. He does not identify the "functional abilities" that purportedly are inconsistent with Plaintiff's symptom testimony. To the extent the ALJ rejected the testimony based on Plaintiff's limited daily activities (Tr. 36-45, 154-56), the ALJ fails to make the requisite "specific finding" that the activities

"*are* transferrable to the work setting" and form a "substantial part" of Plaintiff's day. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (emphasis in original). In short, the ALJ fails to state "*specifically* which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (emphasis added).

The ALJ erroneously found that Plaintiff's pain is "controlled by appropriate medication without any significant adverse side effects." Tr. 15. Plaintiff is able to take only over-the-counter medication because stronger narcotic pain pills make her "deathly sick." Tr. 43, 154-56.

The Magistrate Judge recognizes that questions of credibility are the province of the Commissioner. *See Valentine*, 574 F.3d at 693. Absent evidence of malingering, however, "'the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.'" *Id.* (citation omitted). Considering the entire record as a whole and in the proper context, *see Ryan*, 528 F.3d at 1198, the Magistrate Judge concludes that the reasons the ALJ provided for finding Plaintiff not credible are neither convincing nor supported by substantial evidence.

## III. Remedy.

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g). This Circuit has held that evidence is to be credited as true, and the case remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, (2) no outstanding issue remains that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) ("*Varney II*"); *Smolen*, 80 F.3d at 1292.

After applying the credit-as-true rule to the improperly rejected symptom testimony, it is clear that Plaintiff is disabled. The impartial vocational expert testified

that if a person, such as Plaintiff, needed to elevate her leg multiple times a day, then she would not be able to maintain any job in the national economy. Tr. 604. Defendant does not disagree with this conclusion. Based on Plaintiff's testimony and that of the vocational expert, Plaintiff clearly is disabled.

Because the ALJ would be required to find Plaintiff disabled, *see Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2006), the Magistrate Judge concludes that the case should be remanded for an award of benefits. *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted); *D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (exercising discretion to remand for an award of benefits where the ALJ erred at step four and the vocational expert testified that the claimant's limitations would preclude all work).

Defendant asserts that application of the credit-as-true rule violates the Appropriation Clause of the United States Constitution (Doc. 19 at 16), but cites no legal authority in support of this assertion. Contrary to Defendant's assertion, a remand for an award of benefits in this case does not constitute a non-Congressional authorization of the payment of Treasury funds. Pursuant to 42 U.S.C. § 405(g), Congress has granted district courts the "power to reverse or modify an administrative decision without remanding the case for further proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Stated differently, district courts have discretion under the Social Security Act to "remand a case for immediate payment of benefits in connection with a reversal of the Commissioner's denial of benefits[.]" *Id.*; *see Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998).

Defendant further asserts that the credit-as-true rule is inconsistent with principles of administrative law. Doc. 19 at 17. But even if this were true, the Ninth Circuit held in *Varney II* that where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's symptom testimony were credited, and

where there are no outstanding issues that must be resolved, the case should not be remanded "solely to allow the ALJ to make specific findings regarding that testimony." 859 F.2d at 1401; *see also Harman*, 211 F.3d at 1179 (noting that where the three-part "*Smolen* test" is met, "then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting [the doctor's] opinion") (emphasis in original). On many occasions since *Varney II* and *Smolen*, the Ninth Circuit has reaffirmed appropriate application of the credit-as-true rule. *See Robinson v. Barnhart*, 469 F. Supp. 2d 793, 802 (D. Ariz. 2006) (citing cases); *Vasquez v. Astrue*, 547 F.3d 1101, 1106 (9th Cir. 2008).

The Magistrate concludes, on the present record, that Plaintiff's testimony of disabling symptoms should be credited and the case remanded for an award of benefits. The ALJ acknowledges that his credibility determination was "based on a consideration of the entire case record." Tr. 15. Plaintiff's testimony is consistent with the opinion of Dr. Kiarash, her treating physician. Tr. 205. The vocational expert made clear, and Defendant does not dispute, that a disability finding would be required if Plaintiff's testimony is credited. Tr. 604. Thus, "a remand for further proceedings would serve no useful purpose." *Reddick*, 157 F.3d at 730.

Defendant cites *Harman* for the proposition that a remand for an award of benefits is not warranted because the disability opinion of Dr. Kiarash (Tr. 205) was not before the ALJ. Doc. 19 at 14. The decision to remand for an award of benefits is based not solely on the opinions of Dr. Kiarash, but also on the testimony of Plaintiff – which, of course, was before the ALJ (Tr. 24-57). Moreover, in *Harman*, unlike in this case, there was no testimony from the vocational expert that the improperly discredited evidence would render the claimant disabled. 211 F.3d at 1180.

**IV. Recommendation.**

The administrative decision denying benefits is neither free of legal error nor supported by substantial evidence. The Magistrate Judge recommends that the decision be reversed and the case remanded for an award of benefits.

The parties may file written objections within fourteen days of being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties are advised that untimely objections may be deemed waived and non-specific, general objections do not require the District Court to exercise de novo review. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Any objections are to be identified with the following case number: CV 10-032-FRZ.

Dated this 17th day of February, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE